IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jonathan Lewis, | ) | Case No.: 4:23-cv-01720-JD |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | DEFENDANT CIRCLE K STORES, |
| | ) | INC.'S REPLY IN SUPPORT OF ITS |
| Circle K Stores, Inc., and John Doe, | ) | SUPPLEMENTAL MEMORANDUM |
| | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Circle K Stores, Inc. ("Circle K") submits its reply to its supplemental memorandum, ECF No. 52.

At the outset, Circle K stresses it does *not* concede Lewis *slipped* and fell. It is merely following the court's instruction to address the following question: "whether expert medical testimony is legally required to establish causation for Lewis's alleged injury—i.e., an acute patellar tendon rupture **_resulting from a slip and fall_**—under South Carolina law." [ECF No. 49 (emphasis added).] As stated in its motion for summary judgment, Circle K disputes that Lewis' injury resulted from a slip and fall. Moreover, the court asked the parties to address whether expert medical testimony is legally required "**_to establish causation_**" for Lewis' alleged injury. To the extent Lewis faults Circle K for explaining that medical testimony *is* legally required to establish causation for Lewis' alleged injury, Circle K responds that it is simply answering the court's question.

Next, Lewis and Circle K both agree that expert medical testimony is required when the causal relationship between an occurrence and a resulting injury is outside of the common knowledge of a reasonable juror. Lewis attempts to liken his injury to the injuries suffered in

*Miller*, which did not require expert testimony concerning causation—in his view, he "suffered an acute injury immediately following a slip." [ECF No. 53 at 5.] But Lewis' injury is nothing like the injury in *Miller*. Lewis does not allege he slipped and fell, suffering a bruise or an abrasion or even a fracture—injuries which would easily fall within the realm of the average juror's common knowledge. Lewis alleges he suffered a patellar tendon rupture. According to the medical testimony proffered in this case, the usual cause of a ruptured patellar tendon is a forced extension of the knee against a fixed flexion of the knee. [*See* ECF No. 52-6 Caldera Dep. 26:18–25; 27:1–2.] And while there is medical testimony that, for instance, trips can lead to ruptured patellar tendons, there is no testimony that *slips* can lead to ruptured patellar tendons. And, again, while Circle K does not dispute that a reasonable juror could determine a slip led to an apparent physical injury—such as a fracture, depending on how the plaintiff landed—Circle K submits that a reasonable juror cannot be expected to know whether a slip can lead to the exact forces that cause a patellar tendon to rupture. Accordingly, to the extent the court believes Lewis slipped—and Circle K reiterates it does not concede he did—it must also find Lewis' claim fails because he did not secure medical testimony that a slip can cause the precise injury he alleges he suffered.

Finally, despite Lewis' assertions to the contrary none of the physicians who testified in this case linked Lewis' alleged slip to the ruptured patellar tendon. Lewis asked Dr. Evans the following question in his deposition: "And would a person who maybe unexpectedly slips ***or their foot turns one way or their knee turns another way***, is that a common cause of a ruptured patellar tendon?" [ECF No. 52-5, Evans Dep. 12:8–11 (emphasis added).] Dr. Evans' response does not address a slip and instead provides an altogether different example: "Yes, that would be a common mechanism, ***something where your knee bends quickly or unexpectedly***. We will see it in, like, skiing injuries or something like that, if somebody's ski gets caught and the foot turns one way

and the leg goes the other way, that type of picture of why your patellar tendon might rupture." *Id.* at 12:14–20 (emphasis added). His answer references the foot getting *caught*, not slipping. Likewise, Lewis's argument that his "foot slipped and rolled on the chemical covered wet painted stripe, causing a forced extension against a flexion" is just that: argument based on Lewis' own say-so. Lewis does not profess to be a medical professional and as discussed above, Lewis' lay testimony is not sufficient since the mechanism that led to the ruptured patellar tendon is not within a lay juror's common knowledge, nor is a ruptured patellar tendon the type of injury that is necessarily a natural symptom of a *slip* and fall.

For these reasons, in addition to those reasons stated in its original summary judgment briefing and its supplemental memorandum entered at ECF No. 52[1], the court should enter summary judgment in Circle K's favor.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Mary Cothonneau Eldridge
Ryan C. Holt, Fed. I.D. No. 10736
Mary Cothonneau Eldridge, Fed. I.D. No. 12540
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANT**

Columbia, South Carolina
July 10, 2025

---

[1] As Lewis pointed out, Circle K inadvertently misquoted Dr. Butler's testimony—a note in Lewis' January 2020 medical records referenced bilateral tendon repairs Lewis received in 2008, *not* in 2020. Nonetheless, Circle K maintains Lewis was not a "healthy plaintiff" as contemplated by case law for the other reasons stated in its supplemental memorandum, including the 2008 bilateral tendon repairs.