**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Jonathan Lewis,** | ) | **Case No.:  4:23-cv-01720-JD** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANT CIRCLE K STORES,** |
| | ) | **INC.'S MOTION IN LIMINE** |
| **Circle K Stores, Inc., and John Doe,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendant Circle K Stores, Inc., by and through its undersigned attorneys, respectfully submits its motion in limine and requests the Court exclude any testimony concerning the restriping of the parking lot where Mr. Lewis fell.

Plaintiff Jonathan Lewis alleges he slipped and fell on wet pavement while exiting a Circle K store.  More specifically, Mr. Lewis alleges he slipped on a painted white line on the pavement, which he believes was unreasonably slippery due to a cleaning agent Circle K's employee applied to the area.  Consistent with Circle K's routine practice, the pavement was restriped on September 22, 2023, almost one year after Mr. Lewis fell.  Circle K anticipates Mr. Lewis will seek to elicit testimony that the area where Mr. Lewis fell was restriped after the fall.  The Court should exclude any such references or testimony.

First, the Court should exclude evidence of the restriping under Rule 403, FRE.  Circle K restriped the parking lot a little under one year after Mr. Lewis' fall occurred and a few weeks before Mr. Lewis's expert conducted a site inspection.  This prompted Mr. Lewis to file his sanctions motion on the grounds that due to the restriping "the coefficient of friction of the stripe

*at the time of the fall* could not be tested." *Id.* at 6 (emphasis added). But the restriping has no impact on what the coefficient was *at the time of the fall*. As discussed the parties' briefing on Mr. Lewis' sanctions motion, Circle K restriped the parking lot three times between 2021 and 2023: first on July 12, 2021, next on June 27, 2022, and, finally, on September 22, 2023. [*See* ECF No. 42-2.] At the time of Mr. Lewis' fall, then, a period of almost four months elapsed between the time the stripe was last repainted. Had Circle K not restriped the parking lot in 2023 and Dr. Durig tested the coefficient of friction on September 22, 2023, a period of *fifteen months* would have elapsed from the time the parking lot was restriped. As Dr. Durig himself testified, as a painted surface wears away the coefficient of friction increases "because you get back down to the texture underneath it." [*See* **Ex. 1**, Durig Dep. Tr. 20:9–17.] If Dr. Durig's testimony is correct, then, the unpainted stripe would have been significantly more worn—and had a higher coefficient of friction—on September 22, 2023, than it would have been at the time of Mr. Lewis' fall.

The restriping, then, did not impact Dr. Durig's ability to perform a slip test on the stripe. If anything, it provided Mr. Lewis with results indicating that the stripe was more slippery than it would have been at the time of his fall. Indeed, had Dr. During wished to more closely replicate the condition of the stripe at the time of Mr. Lewis' fall he could have simply reconvened the site inspection a few months later when the same approximate amount of time elapsed between the time the parking lot was restriped and the time Mr. Lewis fell. He simply chose not to do so. Thus, the restriping is not probative of any claim or defense.

On the other hand, the danger of unfair prejudice to Circle K is significant. As discussed herein, Mr. Lewis has moved for sanctions against Circle K and Circle K anticipates if the restriping is addressed at trial Mr. Lewis will insinuate Circle K acted out of a desire to hinder Mr. Lewis' claims. Given that the September 22, 2023, site inspection would not have informed the

parties of the coefficient of friction on the date of Mr. Lewis' fall under either scenario, this danger of unfair prejudice substantially outweighs any probative value. Accordingly, the Court should exclude any reference to restriping under Rule 403, FRE.

Moreover, one basis of Mr. Lewis' theory of liability against Circle K is that Circle K "negligently applied water and concrete cleaner to a parking lot paint stripe" and that "the parking lot paint stripes themselves were unreasonably slippery." [Sanctions Mot., ECF No. 40 at 1, 5.] As the court is aware, Mr. Lewis has requested the Court sanction Circle K for restriping the parking lot before his expert could conduct a site inspection. His requested sanctions include entering verdict on Mr. Lewis' favor as to liability—essentially requiring the Court to conclude that Circle K did, in fact, negligently apply water and concrete cleaner to the paint stripe or that the parking lot paint stripe was unreasonably slippery—or asking the Court to instruct the jury it may "infer that the evidence of the coefficient of friction testing, if conducted before the parking lot striping paint was repainted, would have been unfavorable to Defendant." *Id.* at 7. Though Mr. Lewis has not clearly articulated *how* the restriping negatively impacted his case, his requests suggest he believes that the restriping somehow made the stripe *less* slippery than it would have been had Circle K not restriped the parking lot.

Such evidence is plainly inadmissible under the Federal Rules of Evidence, which state that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: (1) negligence; (2) culpable conduct; (3) a defect in a product or its design; or (4) a need for warning or instruction." Rule 407, FRE. The restriping here falls within Rule 407's parameters. Though, as discussed in greater detail below, the restriping actually made the stripe *more* slippery than it would have been otherwise, the only probative value the restriping has on Mr. Lewis' claims is if the stripe was *less*

slippery after the restriping than it would have been at the time of Mr. Lewis' fall. Such an inference is plainly evidence of a subsequent remedial measure and is therefore prohibited under Rule 407, FRE. Accordingly, Circle K requests the court exclude any evidence, testimony, or reference to the restriping of the parking lot.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court grant its motion and exclude the evidence referenced herein.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Mary Cothonneau Eldridge
Ryan C. Holt
Mary Cothonneau Eldridge
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANT**

Columbia, South Carolina
August 14, 2026