**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Jonathan Lewis,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **Circle K Stores, Inc., and John Doe,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No.: 4:23-cv-01720-JD** <br><br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE** |

Plaintiff, Jonathan Lewis, by and through his undersigned attorneys, respectfully files his Response to Defendant's Motion in Limine [E.C.F. 67] and states:

Plaintiff stipulates he will not offer evidence of the restriping of the parking lot to prove negligence. However, Plaintiff reserves the right to discuss the restriping of the parking lot for impeachment and other purposes as provided by Rule 407, FRCP.

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Albrecht v. Baltimore & Ohio R. Co., 808 F.2d 329, 331 (4th Cir. 1987), Rule 407, FRCP.

It is admitted by Defendant that the parking lot in the area of Plaintiff's fall was restriped before Plaintiff's expert could complete his site inspection. It is expected that Defendant's expert, Dr. Brandon Wiggins, will opine Plaintiff has failed to show the location where Plaintiff fell was unreasonably slippery based on the fact there is no measurement showing the coefficient of friction

of the paint stripe was below the applicable industry standard. Dr. Wiggins testified, “My opinion statement is that you don’t have a measurement showing the surface was slippery.” Wiggins Dep. 49:18-20.

The basis for this opinion is the fact Plaintiff’s expert did not test the stripe as it existed before it was repainted and any coefficient of friction testing done after the repainting would not be usable. Dr. Wiggins testified when discussing Plaintiff’s expert’s testing “… there’s an argument there, how relevant can the results be being that there was new – new paint had been applied in between when the slip – and when – when I was there and when Dr. Durig was there.” Wiggins Dep. 46:1-5. **Exhibit 1.**

Dr. Wiggins goes on to state:

Q: Is it possible to get an accurate reading on a location where an alleged slip and fall happened on a painted stripe when that stripe has in fact been repainted?

A: Well, it makes the results questionable because you’re not testing the surface as it was at the time. So, yeah, I mean, it’s – so it’s – it’s questionable what your results are. So it’s tough— it would –it’s – it’s tough. Wiggins Dep, 46:13-21. **Exhibit 1.**

Based on Defendant’s expert’s testimony, it can be expected he will use the fact the parking lot was restriped as a basis for his opinion that there is no evidence of an unreasonably slipper condition in the location of Plaintiff’s fall.

Plaintiff cannot predict whether or not Defendant will incorporate the above opinions at trial, but if Defendant does rely, in part, on the failure of Plaintiff’s expert to test the stripe as it existed at the time of the fall in support of his own opinions, it would be unfair to prevent Plaintiff from discussing the fact the area of the fall was repainted. At this point, any discussion of the

restriping would be proffered by Plaintiff for the purpose of impeachment or another purpose as allowed for under Rule 407, FRCP.

In conclusion, Plaintiff agrees to not offer testimony of the restriping as evidence of negligence. However, Plaintiff believes there are situations where such testimony would be admissible and necessary for Plaintiff to argue his case. Plaintiff asks the Court to reconsider any exclusion as the case moves to verdict.

**MORGAN & MORGAN, PA**

s/Joseph S. Sandefur
Joseph S. Sandefur, Esquire – Federal Bar # 10238
11915 Plaza Drive, Suite 301
Murrells Inlet, South Carolina 29576
Phone: (843) 973-5196
Fax: (843) 973-5221
jsandefur@forthepeople.com
ATTORNEYS FOR PLAINTIFF

August 19, 2026
Murrells Inlet, South Carolina