**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Jonathan Lewis,** | ) | **Case No.: 4:23-cv-01720-JD** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **DEFENDANT CIRCLE K STORES, INC.'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE** |
| **Circle K Stores, Inc., and John Doe,** | ) | |
| **Defendants.** | ) | |

Defendant Circle K Stores, Inc., by and through its undersigned attorneys, respectfully submits its reply in support of its motion in limine.

Circle K does not object to Mr. Lewis discussing the restriping of the parking lot for impeachment of other purposes pursuant to Rule 407, FRE. However, Circle K does request the court prohibit Mr. Lewis from stating or insinuating that Circle K acted with intent to prevent Mr. Lewis from being able to gather evidence concerning the slipperiness of the fall site on the grounds that such argument would be overly prejudicial to Circle K with exceedingly limited probative value. As discussed in Circle K's motion, given the length of time that elapsed between the time the stripe was last painted before Mr. Lewis fell and the date of Dr. Durig's inspection, Dr. Durig would not have been able to determine the condition of the stripe at the time Mr. Lewis fell even if the stripe had not been painted. And, in any event, had Dr. Durig wished to do so he could have returned to the location some months later to take a measurement of the slipperiness of the area.

Mr. Wiggins should likewise be permitted to testify that there is no evidence of slipperiness given that, as discussed above, the restriping of the fall site would not have prevented Dr. Durig

from returning to the site to measure the slipperiness of the area at a later time when the condition of the area was more similar to the condition it would have been in at the time of Mr. Lewis' fall.

For these reasons, Circle K requests that the Court limit any testimony concerning the restriping of the area to the reasons permitted to Rule 407, FRE, and prevent Mr. Lewis from eliciting any testimony suggesting Circle K acted wrongfully in restriping the parking lot before Dr. Durig's inspection.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Mary Cothonneau Eldridge
Ryan C. Holt
Mary Cothonneau Eldridge
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANT**

Columbia, South Carolina
August 26, 2026