**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Jonathan Lewis,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Circle K Stores, Inc., and John Doe,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 4:23-cv-01720-JD**<br><br>**OPPOSITION TO MOTION FOR *PRO HAC VICE*** |

This matter comes before the Court on plaintiff Jonathan Lewis' motion in support of Grant R. Gillenwater's *pro hac vice* application. Defendant Circle K Stores, Inc. opposes the motion on the following grounds:

First, the motion is not timely. This case will have been pending for *nearly four years* by the time it proceeds to trial next month. Mr. Gillenwater appears to have practiced with Morgan & Morgan's Melbourne, Florida office from the time Circle K removed the matter to the present. At no point during that period did Mr. Lewis move for Mr. Gillenwater's admission. Circle K respectfully submits that admitting new counsel from another jurisdiction one month before trial will present an unnecessary burden to the parties as they prepare for trial. Mr. Lewis has been excellently represented by his current counsel, Mr. Joseph Sandefur, and does not need to change the trial participants at this late hour.

Next, Mr. Gillenwater appears to have inadvertently answered Question No. 8 incorrectly on his application. That question, which asks if he has ever had any application for admission *pro hac vice* denied, was answered "no." Mr. Gillenwater did have a *pro hac vice* denied twice by the

Superior Court of California on November 8, 2024, in the case of *Manual Perez, et al. v. Moxie Pest Control LP, et al.*, 22STCV2853. Though Mr. Gillenwater ultimately corrected the errors that led to his application being denied, Circle K respectfully submits that he should have answered "yes" to Question No. 8 and provided the requested details.

Finally, and most importantly, Circle K respectfully submits that Mr. Gillenwater's application runs afoul of D.S.C. Local Civil Rule 83.I.05(C), which provides that the *pro hac vice* process

> is intended to allow for **occasional appearances** by attorneys who do not conduct a substantial portion of their practices in this district. **It is not intended to substitute for regular admission to the bar of this court**. In determining whether admission under this rule would violate its intended purpose, the court may consider, *inter alia*, whether the attorney resides in South Carolina (and, if so, the length of the residence); the frequency with which the attorney appears in the state and federal courts located in this state; the proportion of the attorney's practice attributable to cases filed in South Carolina, and other factors . . . that, while not binding, has been adopted by a guide by this court.

*Id.* (emphasis added). In the two years preceding this application Mr. Gillenwater has applied for *pro hac vice* status three times in South Carolina state court matters, on August 29, 2024, on February 5, 2025, and on June 16, 2025. [*See* ECF No. 76-3.] If Mr. Gillenwater is intended to serve as go-to trial counsel in South Carolina litigation matters, then Circle K respectfully submits repeated *pro hac* applications run afoul of the spirit of South Carolina's *pro hac vice* process.

For these reasons, Circle K respectfully requests the court deny Mr. Gillenwater's belated *pro hac vice* application.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Ryan C. Holt

Ryan C. Holt, Fed. I.D. No. 10736
Mary C. Eldridge, Fed. I.D. No. 12540
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC 29211
(803) 256-2233
**ATTORNEYS FOR DEFENDANT**

Columbia, South Carolina
September 23, 2026