**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Jonathan Lewis,<br><br>Plaintiff,<br><br>v.<br><br>Circle K Stores, Inc.,<br><br>Defendant. | **Civil Action No. 4:23-cv-01720-JD**<br><br>**ORDER ON PRETRIAL EVIDENTIARY OBJECTIONS** |

## I. BACKGROUND AND SCOPE

The Court has reviewed the parties' Rule 26(a)(3) pretrial disclosures (DE 71, 72), supplemental deposition designations and counter-designations (DE 79, 83, 86), and objections (DE 80, 81, 86), together with the joint witness and exhibit lists, relevant deposition transcripts, and submitted trial exhibits. Following jury selection, counsel requested advance rulings to facilitate efficient preparation and presentation at the trial scheduled to begin October 27, 2026. This Order addresses the objections to the extent permitted by the present record.

The Court resolved Plaintiff's spoliation motion in DE 89 and Defendant's motion in limine concerning the September 2023 restriping in DE 90. Those rulings remain controlling and are not reconsidered here. DE 90 disposed of DE 67, which is no longer pending. In particular, neither party may use the restriping as substantive proof of negligence, and Plaintiff may not characterize it as concealment, a cover-up, or other bad-faith obstruction. The limitations governing the absence of pre-restriping friction measurements and Brandon Wiggins's testimony remain in force. (*See* DE 89, 90.)

The objection to the surgical animation, identified as Plaintiff's initial Exhibit 3 and joint Exhibit 18, is addressed in a separate text order and is not reconsidered here. Expressly withdrawn objections and designations are excluded from the rulings below.

## II. USE AND PRESENTATION OF DEPOSITION TESTIMONY

The joint witness list identifies Johnny Ray Lewis, Nolan Albert Waples, Dr. Clark Butler, Dr. Nathaniel Evans, and Matthew Rockenstyre as witnesses whose testimony will be presented by deposition designation. The Court understands that the parties agree to substantive use of these depositions in place of live testimony, subject to their specific evidentiary objections. Counsel shall confirm that agreement on the record before the first deposition is presented. Circle K has represented that Johnny Ray Lewis is deceased. If undisputed and confirmed, that fact independently authorizes use of his deposition under Rule 32(a)(4)(A). The parties also anticipate presenting Dr. Evans's deposition by video. The Court's acceptance of the parties' stipulations does not waive objections to particular passages.

Only authorized portions of a deposition may be presented. Absent an accepted stipulation, the offering party must establish the applicable requirements of Fed. R. Civ. P. 32(a)(1) and a provision of Rule 32(a)(2)–(8). The parties shall include additional portions necessary for fairness under Rule 32(a)(6) and shall confer to avoid misleading or incomplete excerpts. Withdrawn testimony may not be restored without leave of Court.

## III. DR. EVANS — DE 80

Subject to the Court's acceptance of the agreed videotaped presentation, the following objections are resolved on the present record. The surgical animation is governed by the separate Rule 107 text order.

| Deposition passage | Disposition and necessary action |
|---|---|
| 12:8–16 | OVERRULED. The physician explains the mechanisms of patellar tendon rupture; leading form does not warrant exclusion in context. |
| 12:21–13:6 | OVERRULED. Qualified medical explanations may be presented, including the witness's distinctions and limitations. |
| 20:5–21:20 | NO TESTIMONY OBJECTION. Any display of the animation must comply with the separate Rule 107 order. |
| 22:24–23:19 | SUSTAINED IN PART. The generalized hypothetical anesthesia complications (*see* 23:4–7) are excluded absent a specific connection to Plaintiff's treatment. Testimony concerning surgical risks materially related to the care provided may be presented in context. Counsel shall submit a coherent proposed edit for approval before playback. |
| 28:20–29:19 | OVERRULED. The witness's qualified explanation of potential future impairment may be presented together with its express limitations. |

## IV. JOHNNY RAY LEWIS — DE 80

Upon confirmation of the witness's death, Rule 32(a)(4)(A) independently authorizes use of his deposition, subject to the Federal Rules of Evidence. Any statement attributed to Plaintiff within that testimony must satisfy a separate hearsay exclusion or exception.

| Deposition passage | Disposition and necessary action |
|---|---|
| 6:15–7:19 | SUSTAINED on relevance grounds as to collateral biographical material. |

| Deposition passage | Disposition and necessary action |
|---|---|
| 8:9–24 | SUSTAINED on relevance grounds as to collateral biographical material. |
| 12:24–13:4 | RESERVED. Plaintiff shall identify the basis for admitting Plaintiff's reported statement, including any claimed hearsay exception; the deposition's admissibility does not resolve embedded hearsay. |
| 13:17–14:15 | OVERRULED IN PART as to 13:17–14:8, which describes the witness's later visit and photographs. SUSTAINED as to 14:9–15 concerning the absence of warning signs during that later visit, insofar as offered to prove conditions when Plaintiff fell. Any proposed additional use requires leave of Court. |
| 15:16–16:3 | SUSTAINED. Later indoor cleaning without warning signs is not sufficiently connected on the present record to the outdoor condition at issue. |
| 16:18–18:19 | OVERRULED. Permits firsthand identification of the photographs, including the witness's acknowledgment that he did not know precisely where the fall occurred. |

Circle K's conditional counter-designations at 14:16–18 and 16:9–11 shall be evaluated in light of the final edited testimony. Lines 14:16–18 may clarify when the photographs were taken; 16:9–11 need not ordinarily be included if the later-cleaning testimony is excluded. Counsel shall confer and identify only any remaining disagreement.

## V. NOLAN WAPLES — DE 86

Waples may testify about his own training, instructions, cleaning activities, and observations, including what he personally perceived when reviewing the surveillance footage. Without additional foundation, his testimony does not authenticate unfamiliar documents or establish their contents. Nor may he offer scientific opinions outside his lay knowledge. The following rulings address objections to Plaintiff's DE 83 designations under Rules 403, 602, 611, 701, and 801–803, as applicable.

| Deposition passage | Disposition and necessary action |
| --- | --- |
| 32:1–17 | SUSTAINED IN PART. The witness may describe his recollection of safety training. Exclude the generalized priority question at 32:14–17 and any accompanying answer. |
| 42:9–12 | RESERVED as to a self-contained excerpt. Preserve the witness's lack of recognition of the training guide; identify any document offered independently. |
| 54:1–23 | OVERRULED, limited to recollection and firsthand knowledge; the document is not authenticated by these answers alone. |
| 55:2–5; 55:9–24 | OVERRULED. The witness may describe training and limits of his recollection. |
| 56:4–5 | SUSTAINED. Exclude generalized "common sense" accident-prevention proposition. |
| 57:1–16; 58:20–59:2 | OVERRULED, subject to identification of any guide or slide offered for its truth and preservation of the witness's non-recollection. |
| 59:7–20 | OVERRULED. Ordinary observations about cones and prior work experiences; policy authorship is not necessary. |
| 59:24–60:13 | OVERRULED, subject to foundation for any training test or document and witness's limitations. |
| 61:19–22 | OVERRULED. The witness's answer expresses uncertainty rather than expert speculation. |
| 62:1–63:13 | OVERRULED, subject to document foundation; ordinary observations and practical inferences are permitted. |
| 64:2–16 | SUSTAINED IN PART. Permit 64:2–7, describing precautions identified by the witness; exclude 64:8–16 unless the applicable rule and its relevance to the depicted conduct are established. |
| 65:8–66:16 | SUSTAINED IN PART. Witness may testify to firsthand incident reporting but not establish the incident report's contents or source without adequate foundation. |
| 66:17–67:8 | OVERRULED. Witness may describe making a report and where or how it was made; testimony is not proof of every reported assertion. |
| 67:16–68:9 | OVERRULED IN PART as to 67:16–22 (firsthand report to manager). RESERVED as to 67:23–68:9 (later warning-sign discussion). No argument that subsequent measures prove earlier negligence without leave of Court. |

| Deposition passage | Disposition and necessary action |
|---|---|
| 72:7–14 | SUSTAINED insofar as the incident report's "Water" entry is offered for its truth through this witness, who disclaims knowledge of its source. His testimony that he does not know the source may be preserved if needed for context. |
| 73:23–75:16 | RESERVED IN PART. The witness may describe reviewing the surveillance video with the manager. The manager's alleged agreement requires an adequate Rule 801(d)(2)(D) foundation. |
| 92:7–17 | OVERRULED. Descriptions of broom-spreading, smearing and perceived film are permissible lay observations, not friction-testing opinions. |
| 94:22–95:20 | OVERRULED with limitation to personal observations and rational lay inferences; no scientific opinion about coefficient of friction or definitive mechanism of injury. |
| 99:2–5 | SUSTAINED IN PART. Permit 99:2–3 concerning the witness's recollection; exclude 99:4–5 insofar as it speculates about another person's recordkeeping. |
| 100:11–101:2 | OVERRULED when presented with adequate preceding context about on-the-job versus computer-based training. |

Circle K's counter-designations at 14:21–24, 32:20–23, 33:3–6, 35:6, 35:10–15, 37:16–20, 41:8–10, 51:17–21, 57:24–25, 68:19, 69:18–19, 69:23–25, 70:2–3, 70:5–12, and 101:22–102:21 are subject to Rule 32(a)(6). Waples may identify Plaintiff's footwear from personal observation, but may not offer a technical opinion on its slip resistance without an appropriate foundation. Counsel shall reconcile the apparent overlap between the objection to 102:13–21 and Circle K's own counter-designation of 101:22–102:21.

## VI. EXHIBITS AND DOCUMENTARY OBJECTIONS — DE 80 and 81

Exhibit numbers refer to the parties' joint exhibit list. An objection's disposition does not dispense with the foundation otherwise required when an exhibit is offered.

Conversely, the absence of a pretrial objection does not itself admit an exhibit into evidence.

| Joint exhibit | Disposition and necessary action |
|---|---|
| 19–23: storefront photographs | OVERRULED as to general relevance. Permitted to depict location and layout upon authentication; any argument about warning conditions at the time of the fall must rest on evidence of those conditions, not merely later photographs. |
| Waples deposition Ex. 1 / employment file | RESERVED. Not separately numbered in joint exhibit list; proponent must confirm it will be offered and identify authentication foundation. |
| Summary of medical specials | RESERVED. Not separately numbered in joint exhibit list. Plaintiff shall produce proposed summary and clarify whether offered as substantive evidence under Rule 1006 or as an illustrative aid under Rule 107. The underlying records need not all be admitted if Rule 1006 otherwise applies. |
| 40–42, 44: medical bills | RESERVED as to Rule 901/803(6) foundation. Parties shall identify a stipulation, proper Rule 902(11) certification with notice, or qualified witness. Admission does not conclusively establish causal relationship or reasonableness of charges. |
| 43: Grand Strand bills | OVERRULED conditioned on confirmation that the custodian affidavit covers the pages offered and that the requirements of Rule 902(11), including notice, are met. |
| 45–47: 2008 imaging and treatment records | OVERRULED IN SUBSTANTIAL PART, subject to a medical-record foundation. Prior bilateral knee injuries, diagnoses, and surgeries are relevant to causation. Identify any specifically disputed embedded hearsay or extraneous entries for individual review. |
| 48: OrthoSC follow-up | OVERRULED subject to foundation and limited redaction of unrelated matters. |
| 49: OrthoSC encounter history | SUSTAINED IN PART as to irrelevant family or medical history; relevant knee treatment and examination may be used after precise redactions. |
| 50: Evans operative report | OVERRULED subject to adequate foundation, including physician testimony or business-record certification. |

| Joint exhibit | Disposition and necessary action |
|---|---|
| 51: Horry County EMS report | RESERVED IN PART. The proponent must establish the report's foundation and identify the source of the recorded patient history. When offered against Plaintiff, an adequately attributed statement by Plaintiff may qualify under Rule 801(d)(2)(A); the report itself requires a separate hearsay basis. |

The joint exhibit list also identifies Exhibits 1–17, 24–39, and 52–68 without the specific objections addressed here. Those exhibits remain subject to applicable evidentiary requirements and any existing orders.

## VII. ADVANCE TRIAL-PREPARATION DIRECTIONS

To give effect to these advance rulings, counsel shall confer promptly and submit to the Court: (1) one corrected, consolidated page-and-line chart identifying excluded testimony, agreed counter-designations, and any disputed excerpts; (2) proposed edits to any deposition recording that will be played; (3) any pertinent medical-record certifications or stipulations concerning foundation; and (4) concise proffers limited to matters expressly RESERVED above. The parties shall not rebrief resolved objections without leave.

These materials shall be submitted no later than 12:00 noon on Monday, October 26, 2026. Counsel shall specifically identify any unresolved issue likely to affect opening statements or evidence expected on the first trial day. No reserved passage may be played, and no exhibit subject to an unresolved objection may be shown to the jury, before the Court addresses the reservation.

Counsel shall correct apparent citation errors or transpositions in DE 72, 83, and 86 in the final designation chart. Withdrawn matters need not be relitigated. For any

disputed counter-designation, the parties shall identify the exact passage and explain briefly why its inclusion or exclusion is necessary for fairness.

These rulings are based on the current record and may be reconsidered if a material change in foundation or trial context warrants it. That reservation does not authorize counsel to disregard an exclusion or present disputed material without first obtaining leave. DE 89 and DE 90, together with any separately entered order concerning the surgical animation, remain in effect.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 23, 2026